**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO RAMIREZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　Respondent. | No.　13-71692<br><br>Agency No. A201-179-006<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2017[**]
San Francisco, California

Before:　WARDLAW and GOULD, Circuit Judges, and HUFF,[***] District Judge.

　　Alfonso Ramirez ("Ramirez"), a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

the Immigration Judge's ("IJ") denial of his petition for cancellation of removal on the grounds that Ramirez had been convicted of a crime involving moral turpitude ("CIMT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. *See Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1140–41 (9th Cir. 2002). "Because the BIA adopt[ed] and affirm[ed] the IJ's decision without adding any commentary of its own, we treat the IJ's decision as that of the BIA." *Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009) (alterations in original) (internal quotation marks omitted). We grant the petition and remand to the BIA for further proceedings consistent with this disposition.

1.      Because the agency has expertise in determining whether a statute categorically constitutes a CIMT, "we defer to its conclusion if warranted, . . . following the *Skidmore* framework if the decision is unpublished (and not directly controlled by any published decision interpreting the same statute)." *Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1208 (9th Cir. 2013). Under *Skidmore*, "[t]he weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). In *Blanco v. Mukasey*, we held that a California statute

criminalizing the establishment of a false identity for purposes of evading identification by an investigating officer did not require intent to defraud—defined as the "evil intent" to "make[] false statements in order to procure something of value"; to "attempt to induce another to act to his or her detriment"; or to "induce reliance"—and that the offense was therefore not a CIMT. 518 F.3d 714, 719–20 (9th Cir. 2008). The IJ's conclusion that Nevada Revised Statute ("NRS") § 205.465 is similarly not a categorical CIMT was based on a thorough and well-reasoned application of our analysis in *Blanco* to the Nevada statute. We thus find that the IJ's determination under the categorical approach is both persuasive and consistent with our precedent, and we defer to the agency on that point.

2.      If there is no categorical match between the elements of the criminal statute at issue and the elements of a generic federal CIMT, we next consider whether the statute is divisible, meaning that it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). If the statute is divisible, we use a modified version of the categorical approach, looking at the charging document, the plea agreement, the plea colloquy or a "comparable judicial record," "to determine whether a plea of guilty to [a crime] defined by a nongeneric statute necessarily admitted elements of the generic offense." *Shepard v. United States*, 544 U.S. 13, 26 (2005).

3

The IJ proceeded directly from the categorical approach to the modified categorical approach without assessing whether the statute was divisible. The IJ further erred in looking to the "factual basis" of Ramirez's crime, rather than analyzing the record of conviction to determine only whether Ramirez "necessarily admitted *elements* of the generic [CIMT] offense." *Id.* (emphasis added); *see also Mathis*, 136 S. Ct. at 2248 ("[I]f the crime of conviction covers any more conduct than the generic offense, then it is not [a CIMT]—even if the defendant's actual conduct (*i.e.,* the facts of the crime) fits within the generic offenses boundaries."). Because the IJ incorrectly applied the modified categorical approach by looking to the facts, rather than the elements, of conviction, no deference to his conclusion is warranted. *See Skidmore*, 323 U.S. at 140.

It is not necessary for us to reach the question of whether NRS § 205.465 is divisible. Even if it were appropriate to proceed to the modified categorical approach, we would conclude that neither the statute nor the record of conviction excludes the use of personal identifying information to establish a false identity as a possible means of commission. *See Blanco*, 518 F.3d at 719–20. As a result, intent to defraud is not implicit in the nature of the offense, and the generic federal CIMT thus does not wholly subsume the crime of conviction. *See id.* Ramirez's crime of conviction is overbroad, and it cannot be confirmed with certainty that

4

Ramirez was convicted of a crime having all the elements of a generic CIMT. *See, e.g.*, *Taylor v. United States*, 495 U.S. 575, 599–600 (1990).

**GRANTED; REMANDED.**[1]

---

[1] We note that the agency apparently relied on the wrong record in reviewing Ramirez's application for cancellation of removal and adjustment of status. For instance, the IJ described Ramirez as a 39-year-old male, when at the time he was 49 years old, and the IJ decision further lists the wrong name (Margarito Raul Flores-Leal) and "alien number" at the top of each page after the first page. On remand, the agency must ensure that it is reviewing the correct factual record when determining Ramirez's eligibility for cancellation of removal.